

FILED

MAR 20 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 05-37472-D-13L |
| | ) |
| | ) Docket Control No. FEC-5 |
| TRAVIS and JESSICA DELANEY, | ) |
| | ) Continued Hearing: |
| Debtors. | ) DATE:   March 6, 2007 |
| | ) TIME:   1:00 p.m. |
| | ) DEPT:   D (Courtroom 34) |

**MEMORANDUM DECISION ON MOTION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

Travis and Jessica Delaney (the "Debtors") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on October 14, 2005. Frederick E. Clement, Attorney at Law ("Counsel") has continuously acted as counsel for the Debtors and this is Counsel's second fee request in this case. Counsel had prior fees approved in the amount of $9,000 pursuant to an earlier order (Docket Entry 31). Through this second fee application (the "Application"), Counsel seeks additional compensation in the amount of $6,500. Although no party has filed opposition to the Application, the court has an independent duty to review all requests for compensation.

At the outset the court notes that this is a relatively simple Chapter 13 case. Although the Debtors did run a business pre-petition through a wholly-owned corporation, that business ceased



1 | operation prior to the filing of the Debtors' Chapter 13 case.  The
2 | court also recognizes that this case may have certain tax issues;
3 | however, these issues do not transform this relatively simple Chapter
4 | 13 case into one of significant complexity.
5 |     Section 330 of the Bankruptcy Code sets out the standard by
6 | which courts should determine the reasonableness of fees under
7 | Section 329.  See In re Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003).
8 | Section 330(a)(3) of the Bankruptcy Code states that in determining
9 | the amount of reasonable compensation the court should consider the
10 | nature, extent, and value of the services rendered, taking account of
11 | all relevant factors, including the time spent on the services, the
12 | rates charged for the services, and the customary compensation of
13 | comparably skilled attorneys in other cases.
14 |     Here, the court finds that Counsel's hourly rate is reasonable,
15 | the services rendered are of good quality, and that services were
16 | skillfully performed.  With that said, the court does have concerns.
17 | Counsel's time sheets filed in support of the Application lump
18 | multiple time entries so the court cannot determine the amount of
19 | time spent on each specific task.  This lumping makes it difficult,
20 | if not impossible, for the court to assess whether the time spent on
21 | a specific task is reasonable.  The court also has concerns regarding
22 | whether certain services that were charged as "legal assistant" were
23 | actually secretarial in nature.
24 |     The Application charges time for the services of Tara L. Maynes
25 | ("TLM") as a "legal assistant."  The time entries suggest that a
26 | portion of TLM's time is for secretarial work which is not
27 | compensable.  Specifically, the Application reflects .8 hours on
28 | February 22, 2006 where TLM worked on a creditor matrix.  Then on

February 27, 2007 TLM charged 1 hour for work on a creditor matrix, and for filing and service. Then on September 15, 2006 TLM charged 2 hours for "preparation of notice of filed claims - EZ Filing to register". These time entries, some of which are lumped together, suggest that at least a portion of the time charged by TLM is for work that is secretarial in nature. Accordingly, the above charges (a total of 3.8 hours at $60 per hour = $228) will be disallowed.

The court now turns to the reasonableness of Counsel's fees. The court notes that under the Guidelines for Payment of Attorneys Fees in Chapter 13 Cases Applicable in the Eastern District of California (the "Fee Guidelines"), the allowed "opt-in" fee for a Chapter 13 case is $3,500 and $5,000 for a business case. Attorneys can "opt-out" of the Fee Guidelines and Counsel has done so here. Although Counsel has "opted-out", there is a general presumption that the amount of attorneys fees set in the Fee Guidelines for those who "opt-in" is sufficient to cover the basic attorney services necessary in a Chapter 13 case. In fact, many competent Chapter 13 attorneys use the "opt-in" procedure provided for in the Fee Guidelines.

Although the services rendered by Counsel are of good quality, the total fees requested to date are very high and reach the outer limit of what is reasonable. Only because there is no opposition, and the Debtors have consented to the Application, the court will give Counsel the benefit of the doubt regarding the reasonableness of his fees. However, in the future if Counsel seeks compensation approaching the magnitude of the fees requested in this case, time entries cannot be lumped together, but rather, must be broken down so that the court can determine the amount of time spent on each discrete task. With this admonition the court will approve the

compensation requested in the Application less $228 for the time charged by TLM referenced above.

A separate order will be entered consistent with this memorandum decision.

Dated: MAR 20 2007

Robert S. Bardwil
United States Bankruptcy Judge

## Certificate of Service

I certify that on  MAR 20 2007  a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Fredrick Clement
1300 West St., #C
Redding, CA 96001

Travis & Jessica Delaney
19359 Spring Gulch Rd.
Anderson, CA 96007

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _____
         Deputy Clerk